# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS GONZALEZ, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4831 |
| | : | |
| JUDGE DOUGLAS G. REICHLEY, *et al.*: | | |
|    *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                        NOVEMBER 9, 2020

Carlos Gonzalez, a prisoner currently incarcerated at Lehigh County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983. Gonzalez seeks leave to proceed i*n forma pauperis*. For the following reasons, Gonzalez will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

Gonzalez has named the following Defendants: Judge Douglas G. Reichley, Assistant Prosecutor Lisa Rene Cipoletti, and Attorney Gavin Holihan.[1] (ECF No. 2 at 1-2.)[2] Briefly stated, Gonzalez avers that his 6th, 8th, and 14th Amendment rights have been violated by the Defendants with respect to the criminal prosecution of

---

[1] According to the criminal docket for the Court of Common Pleas of Lehigh County, Gonzalez has been charged with one count of aggravated harassment by a prisoner with an offense date listed as August 28, 2020. *See Commonwealth v. Gonzalez*, Docket No. CP-39-CR-0002526-2020 (Lehigh Cty. Court of Common Pleas). Douglas G. Reichley is listed as the assigned judge, and Gonzalez avers in his Complaint that Lisa Cipoletti is the assigned prosecutor. (ECF No. 2 at 3.) It further appears from the criminal docket that Gavin Holihan has represented Gonzalez during his criminal proceedings. *See Commonwealth v. Gonzalez*, Docket No. CP-39-CR-0002526-2020 (Lehigh Cty. Court of Common Pleas).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

charges pending against him. (*Id.* at 3.) Specifically, Gonzalez expresses dissatisfaction with preliminary rulings related to video footage and discovery. (*Id.* at 3.) Gonzalez asserts that the prosecutor withheld certain evidence and his "attorney, court appointed, never file[d] a motion" or told him about the evidence. (*Id.*) Gonzalez also avers that he questioned Judge Reichley in "open court" and the judge "angrily" told him that the discovery is "sensitive" and Gonzalez "cannot view [his] discovery or get a copy" and "can only view it in [his] attorney's presence." (*Id.*)

Gonzalez alleges that he has reported his court appointed attorney, Holihan, to the disciplinary board because "he has an obligation to represent [and] defend" him, but Holihan is "not fulfilling his duties." (*Id.* at 3-4.) Gonzalez further avers that Judge Reichley "is supposed to be protecting [Gonzalez's] constitutional rights, [but] he is letting [Gonzalez's] lawyer and prosecutor pervert justice." (*Id.* at 4.) Gonzalez contends that he is "being aggressively pursued in serious charges, by a corrupt judge, a corrupt lawyer and prosecutor." (*Id.*)

Gonzalez seeks compensatory damages in the amount of $100,000 for "pain and suffering" and "liv[ing] in constant fear." (*Id.*) Gonzalez seeks "true justice how [his] founding fathers intended for the Constitution to be and for [his] 14th Amendment protections and [his] right to a fair trial." (*Id.*) Finally, Gonzalez requests that "Judge Reichley step down, Lisa Cipoletti step down and for Gavin Holihan to be reprimanded for misconduct." (*Id.*)

II

The Court will grant Gonzalez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gonzalez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

III

A

To the extent Gonzalez is asking this Court to manage or interfere in his state criminal case, the Court must abstain from deciding his claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*).

---

[3] However, as Gonzalez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

"*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, No. 19-2968, 2020 WL 6192954, at *6 (3d Cir. Oct. 22, 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

The *Younger* requirements are clearly met in this case. First, the criminal proceeding against Gonzalez is still pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Gonzalez an adequate opportunity to argue in the state forum that he should be provided with discovery and afforded a fair trial. This Court may assume that the state procedures will afford him an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, there is nothing in the Complaint to

indicate that Gonzalez falls within any of the narrow exceptions to the *Younger* doctrine.[4]

As Gonzalez appears to ask this Court to direct the state court to provide him with discovery, and the removal of Judge Reichley as assigned judge and Cipoletti as prosecutor, his requested remedies will interfere with pending state proceedings. *See also Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings"). Accordingly, it is appropriate to abstain from entertaining the Complaint out of deference to the state judicial process. *Accord Peay v. Massiah-Jackson*, 133 F. App'x. 31, 32 (3d Cir. 2005) (per curiam); *see also Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there."). To the extent Gonzalez is pursuing claims for monetary damages, those claims fail as well for the reasons which follow.

B

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

---

[4] *See Younger*, 401 U.S. at 46, 53-54; *Hall v. Pennsylvania*, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)) (exceptions are to be narrowly construed).

5

*Atkins*, 487 U.S. 42, 48 (1988). To the extent that Gonzalez seeks monetary damages, his claims fail for the following reasons.

a

Since Gonzalez's claims against Judge Reichley are based on acts he took in his judicial capacity while presiding over the criminal matter in which Gonzalez is a defendant, those claims lack a legal basis because Judge Reichley is entitled to absolute immunity from those claims. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

b

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Because it appears to the Court that Gonzalez bases his claims against Cipoletti for acts she has taken while pursuing criminal charges against him, any such claims lack a legal basis because prosecutors are entitled to absolute immunity.

c

Gonzalez's claims against his former criminal defense attorney are based on his performance as Gonzalez's defense counsel, but the law is settled that criminal defense attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013)

(per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, the Court must dismiss Gonzalez's claims against the Holihan pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim.

IV

For the foregoing reasons, the Court will grant Gonzalez leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Gonzalez will not be given leave to amend because amendment would be futile. The Court will dismiss Gonzalez's claims for damages with prejudice and will dismiss his claims for injunctive relief without prejudice. *See Eldakroury v. Att' y Gen. of N.J.*, 601 F. App' x 156, 158 (3d Cir. 2015) (per curiam) (explaining that non-merit based dismissals, such as a dismissal pursuant to *Younger* must be without prejudice). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**